**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
Wheeling

**WILBUR BARR,**

        Petitioner,

    v.                        **CIVIL ACTION NO. 5:24-CV-169**
                                          Judge Bailey

**R. BROWN, Warden,**

        Respondent.

**REPORT AND RECOMMENDATION**

**I.     INTRODUCTION**

On August 26, 2024, the *pro se* petitioner, Wilbur Barr, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] and a Request to Expedite, with a memorandum in support thereof. [Doc. 4]. Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the Bureau of Prison's ("BOP") calculation of his sentence. He paid his filing fee on September 6, 2024. [Doc. 7]. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

**II.     BACKGROUND**

Petitioner alleges that the BOP erred in the calculation of his sentence, specifically by failing to give him credit for time he spent in state custody, which he claims should be counted toward his federal sentence. Petitioner checked a box indicating he had presented his claim to the BOP through an administrative action and stated that "All

1

Admin. Remedies exhausted and Denied by Facility and Regional office" [Doc. 1 at 7–8]. However, he also admits that at the time of filing the instant petition, he had not, in fact, fully exhausted his administrative remedies, conceding and acknowledging that he was "still diligently following remedies procedures" and that he "will have exhausted all remedies completely soon." [Doc. 4-1 at 3].  For relief, he asks the Court to order directing BOP to "correct" his sentence with a "nunc pro tunc designation" and award him the time he served in state prison against his federal sentence." [Doc. 1 at 8].

### III.   LEGAL STANDARDS

#### A.   Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.   Pro Se Litigants

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which

set forth a claim cognizable in a federal district court. See **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990).

### IV.  ANALYSIS

The undersigned finds that the petition should be dismissed without prejudice for failure to fully exhaust administrative remedies.  Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." **McClung v. Shearin**, 90 F. App'x 444, 445 (4th Cir. 2004) (citing **Carmona v. United States Bureau of Prisons**, 243 F.3d 629, 634-35 (2d Cir.2001), **Little v. Hopkins**, 638 F.2d 953, 953-54 (6th Cir.1981)).  Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures.  **Booth v. Churner**, 532 U.S. 731, 741 (2001).  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. **Porter v. Nussle**, 534 U.S. 516, 524 (2002) (citing **Booth**, 532 U.S. at 741).  "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" **Porter**, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the Court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte.  **Custis v. Davis**, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").

Pursuant to *McClung*, failure to exhaust may only be excused upon a showing of cause and prejudice.  As recognized in *Carmona*, *supra*, which was cited by the Fourth Circuit in its opinion in *McClung*:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies.  When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

*Carmona*, 243 F.3d at 634 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8).   *See* 28 C.F.R. § 542.10, *et seq*. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based.  If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response.  Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.  An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.  28 C.F.R.§ 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D.Md. 1997).

In the instant case, petitioner concedes that while he has begun the administrative remedies process, those proceedings have not yet been resolved and that at the time of filing the instant petition, he had not filed his complaint at all levels of the administrative process.  He states that his BP-10 has been mailed to the Regional Director and that he is awaiting its response. Based on the "wait time for institutional responses," petitioner argues that by the time he is able to file his BP-11, his release date "will have passed" and will result in an "inevitable" constitutional violation by forcing him to "over-serving his federal sentence." [Doc. 4 at 1]

To the extent, however, that  petitioner is claiming an exception to the exhaustion requirement because he is close to the end of his sentence and his time in custody would be increased by the time it may take to exhaust, the law is well settled that "exhaustion is not waived simply because a habeas petitioner believes that the length of the administrative process would preclude him from receiving full relief." **Ali v. Brown,** No. 5:23-CV-240, 2023 WL 11900183 at *3 (N.D. W.Va. July 27, 2023) (Mazzone, M.J.), report and recommendation adopted, No. 5:23-CV-240, 2023 WL 11900182 (N.D. W.Va. Aug. 15, 2023) (internal citations omitted).[1]

While petitioner also states that he is "expecting" his pending BP-10 to be denied and that he will then "immediately be submitting his BP-11 to have fully exhausted all Institutional Remedy procedures with No Formal Resolution through the BOP" [Doc. 4 at 1], this Court has likewise recognized that exhaustion is not futile "[u]nless the agency is certain to rule adversely" and that "a petitioner's unsupported prediction of failure does

---

[1] Additionally, the undersigned notes that while petitioner asks this Court to order a nunc pro tunc designation, it is not clear that he has complied with BOP procedures in requesting said designation from the BOP and exhausted administrative remedies to the extent it may be necessary based on the agency's determination.

5

not excuse his lack of administrative exhaustion." **Reeder v. Phillips,** No. 1:07-CV-138, 2008 WL 2434003 at *3 (N.D. W.Va. June 12, 2008)

Petitioner has not shown that the BOP "is certain to rule adversely" and the undersigned does not find that exhaustion of administrative remedies would be futile. Exhaustion of administrative remedies would clearly be appropriate in this instance given that the BOP is charged with the responsibility of sentence computation and has expertise in this area. See **United States v. Wilson**, 503 U.S. 329, 112 S.Ct. 1351 (1992) (the Attorney General, through the BOP, has the responsibility for administering federal sentences); **United States v. Lucas**, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). Requiring the petitioner to pursue resolution of his claim through the BOP's administrative remedy process promotes the very policies that underlie the exhaustion principle:

> For example, the administrative remedy process could develop the necessary factual background upon which the petitioner's claim is based, allow the BOP the opportunity to exercise its discretion and apply its expertise in this area, conserve scarce judicial resources, give the BOP a chance to discover and correct its own possible error, and avoid the deliberate flouting of the administrative process.

**Kimbrough v. Entzel,** No. 5:18-CV-133, 2018 WL 7021947 at *3 (N.D. W.Va. Oct. 24, 2018)(Mazzone, M.J.), *report and recommendation adopted*, No. 5:18-CV-133, 2019 WL 191648 (N.D. W.Va. Jan. 14, 2019), *aff'd* **Kimbrough v. Entzel,** 771 Fed. Appx. 275 (June 19, 2019).

The undersigned finds that petitioner by his own admission has not fully exhausted his administrative remedies and has provided no cause justifying his failure to do so. Accordingly, petitioner's claims may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not

exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." **Steel Co. v. Citizens for a Better Env't,** 523 U.S. 83, 95 (1998); **Reinbold v. Evers**, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**, and that the **MOTION TO EXPEDITE [Doc. 4]** be denied as moot.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); **Thomas v. Arn**, 474 U.S. 140 (1985); **Wright v. Collins**, 766 F.2d 841 (4th Cir. 1985); **United States v. Schronce**, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  September 18, 2024.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE