**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**WILBUR BARR,**

        Petitioner,

v.                                             **CIV. ACT. NO. 5:24-CV-169**
                                                       Judge Bailey

**R. BROWN,** Warden,

        Respondent.

**ORDER**

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 10]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on September 18, 2024, wherein he recommends that the Petition [Doc. 1] be denied and dismissed without prejudice, and that petitioner's Request to Expedite [Doc. 4] be denied as moot. *See* [Doc. 10 at 7]. For the reasons that follow, this Court will adopt the R&R.

**I. BACKGROUND/PROCEDURAL HISTORY[1] & STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1] This Court fully adopts and incorporates herein the Background section of the R&R. *See* [Doc. 10 at 1–2].

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections to the R&R[2] on October 3, 2024. [Doc. 12]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

---

[2]The Court notes petitioner's October 3, 2024 filing is titled "Motion to Reconsider - Objection to Order;" however, the Court will refer to this filing as "petitioner's Objections" for the purposes of this Order. *See* [Doc. 12].

## II. DISCUSSION

In the R&R, Magistrate Judge Mazzone found that petitioner, by his own admission, failed to exhaust his administrative remedies and provided no cause for his failure to do so. [Doc. 10 at 6]. Accordingly, Magistrate Judge Mazzone found petitioner's claims could not be considered under 28 U.S.C. § 2241. [Id.].

In petitioner's Objections, he objects to the following: (1) "the Courts [sic] opinion on Page 5" that petitioner sought an "exception to the exhaustion of [r]emedies to [a]ttemp [sic] to receive full relief[,];" (2) the notion he provided no cause justifying the Court to move forward without exhaustion of remedies; (3) the BOP's failure to take custody of him and the state's failure to utilize the "nunc-pro-tunc" designation; and (4) petitioner states "either way [petitioner] HAS [e]xhausted [r]emedies and [petitioner] seeks [l]eave to [p]roceed. [Doc. 12 at 2] (emphasis in original).

With regard to petitioner's first objection, petitioner states he was not seeking an exception to exhaustion simply to receive full relief; rather, he was seeking an exception to exhaustion to "PROTECT [h]is [c]onstitutional [r]ights." [Id.] (emphasis in original). Petitioner adds a court can allow a case to be heard without exhaustion "in situations like this[.]" [Id.]. Petitioner fails to detail what exactly the situation is that warrants the Court's overlooking of his failure to exhaust remedies.  As made clear in the R&R, "exhaustion is not waived simply because a habeas petitioner believes that the length of the administrative process would preclude him from receiving full relief." [Doc. 10 at 5 (citing *Ali v. Brown*, 2023 WL 11900183, at *3 (N.D. W.Va. July 27, 2023) (Mazzone, M.J.), *report and recommendation adopted*, 2023 WL 11900182 (N.D. W.Va. Aug. 15, 2023)

3

(Bailey, J.)). Accordingly, to the extent petitioner argues his failure to exhaust is based upon time constraints related to his sentence, this argument fails. As such, this Court **OVERRULES** petitioner's first objection to the R&R.

As for petitioner's second objection, petitioner disagrees he provided no cause justifying his failure to exhaust, adding "[u]nless the Court is stating that [petitioner] [h]as no [r]ight to [a] proper sentence, one not longer than the one imposed?" [Doc. 12 at 2]. This argument appears directly related to the time constraints argument discussed above. Accordingly, this Court **OVERRULES** petitioner's second objection to the R&R.

Petitioner's third objection centers around the BOP's alleged failure to take him into custody and the state's alleged failure to utilize "nunc-pro-tunc" classification for his sentence. [Id.]. This objection does not seem to relate to anything contained within the R&R, save for the R&R's description of the BOP as having "expertise" in the area of sentence calculation. [Id.; *see also* Doc. 10 at 6].

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.2d 723, 730 (S.D. W.Va. 2009) (Johnston, J.) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See **Mario v. P & C Food Markets, Inc.**,* 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." ***Mario***, 313 F.3d at 766.

It is wholly unclear to this Court as to what point petitioner is trying to convey with regard to his third objection. The objection contains no statements supported by legal authority, nor any reference to a finding of substance in the R&R. Accordingly, this Court **OVERRULES** petitioner's third objection to the R&R.

Lastly, petitioner's fourth objection to the R&R states he "HAS [e]xhausted [r]emedies[.]" [Doc. 12 at 2] (emphasis in original). This objection is contradicted by a statement contained within petitioner's Objections. Petitioner states he "did [f]inally and un-[t]imely [f]ile [a]ll BOP papers required to 'exhaust [r]emedies.' All [h]ave been denied or un-[a]nswered, which is a [d]enial." [Id. at 1] (emphasis in original). Simply because petitioner's administrative remedy papers have gone unanswered to date is not supportive of the notion that his administrative remedies are exhausted, as there is still the potential for relief. Accordingly, this Court **OVERRULES** petitioner's fourth objection to the R&R. Further, based on the foregoing, to the extent petitioner's Objections can be considered a Motion to Reconsider, such motion is **DENIED**.

## III. <u>CONCLUSION</u>

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation **[Doc. 10]** is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's Objections **[Doc. 12]** are **OVERRULED**, and the Petition [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**. Further, petitioner's Application and Affidavit to Proceed Without Prepayment of Fees **[Doc. 2]** and petitioner's Request to Expedite **[Doc. 4]** are **DENIED AS MOOT**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

DATED: October 4, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE